UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARDEZ HARRISON,

           Petitioner,

v.                                                                                   Case No. 22-cv-1001-bhl

DAN CROMWELL,

           Respondent.

## SCREENING ORDER

      On August 31, 2022, Petitioner Chardez Harrison, a state prisoner currently incarcerated at Redgranite Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On that same day, he moved for leave to proceed without prepayment of the filing fee and submitted his prisoner trust fund account statement. (ECF Nos. 2 & 3.) This Court now conducts a preliminary review of Harrison's petition pursuant to Rule 4 of the Rules Governing §2254 Cases. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

      Harrison pled guilty to two counts of armed robbery as a party to the crime, in violation of Wis. Stat. §943.32(2), and one count of possession of a firearm by a person adjudicated delinquent, in violation of Wis. Stat. §941.29(1m)(6m). (ECF No. 1 at 2; ECF No. 1-3 at 9-10.) He tried, unsuccessfully, to revoke his guilty pleas through a postconviction motion to the circuit court and appeals to the Wisconsin Court of Appeals and Wisconsin Supreme Court. (ECF No. 1 at 3; ECF No. 1-3 at 10.) Harrison argued that plea withdrawal was warranted because his trial counsel was ineffective for failing to file a motion to suppress his statements to police. Harrison asserted that

he invoked his constitutional right to remain silent, but the interrogating officers continued to question him. The circuit court held a hearing on the suppression issue and determined that a motion to suppress would not have been successful because Harrison's invocation was not unequivocal and unambiguous. The circuit court denied Harrison's postconviction motion without a *Machner* hearing. *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979). (ECF. No. 1-3 at 10.) On March 23, 2021, the Court of Appeal affirmed Harrison's conviction and on June 16, 2021, the Wisconsin Supreme Court then denied review. (ECF No. 1 at 3.) Harrison did not seek post-conviction relief. (*Id.* at 4.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a request for federal habeas corpus relief is subject to a one-year limitation period. 28 U.S.C. §2244(d)(1). Generally, this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be the one identified in [§2244(d)(1)(A)]: 'the date on which the judgment of conviction becomes final.'"). "In Wisconsin, a direct challenge to a conviction becomes 'final' the day the Remittitur issues." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing Wis. Stat. §809.26; *State ex rel. Fuentes v. Wisconsin Court of Appeals*, 593 N.W.2d 48, 51 (1999)). Regardless of the starting date, the limitations period is tolled when the petitioner has a properly filed, pending application for post-conviction or collateral review of the challenged judgment. 28 U.S.C. §2244(d)(2).

In this case, the Wisconsin Supreme Court denied Harrison's petition for review on June 16, 2021, but he did not file his federal habeas petition until August 31, 2022, more than a year after the date on which his conviction became final. And his petition clearly states that he did not pursue any post-conviction relief beyond direct appeal. (ECF No. 1 at 4.) Thus, because Harrison failed to file his petition within the time allowed by statute, he cannot proceed with a habeas petition related to this conviction. The Court must therefore dismiss the petition.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED**.

**IT IS FURTHER ORDERED** that the motion for leave to proceed without prepayment of the filing fee, ECF No. 3, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability. The Clerk of Court is directed to notify the petitioner and enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 13, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge