UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARDEZ HARRISON,
                    Petitioner,

v.                                                    Case No. 22-cv-1001-bhl

DAN CROMWELL,
                    Respondent.

## ORDER GRANTING RULE 59(e) MOTION

On August 31, 2022, Petitioner Chardez Harrison, a state prisoner currently incarcerated at Redgranite Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) This Court conducted a preliminary review of Harrison's petition pursuant to Rule 4 of the Rules Governing §2254 Cases and determined that because Harrison failed to file his petition within the time allowed by statute, he cannot proceed with a habeas petition related to this conviction. The Court dismissed Harrison's petition on October 13, 2022. On November 2, 2022, Harrison filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). For the following reasons, the motion will be granted.

### LEGAL STANDARD

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 772 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Manifest error refers to the misapplication or misidentification of controlling law. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

### ANALYSIS

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1). This limitations period runs from the latest of four possible dates, most commonly, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* (d)(1)(A); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative

date from which the limitation period is measured will be the one identified in [Section 2244(d)(1)(A)]: 'the date on which the judgment of conviction becomes final.'").

"In Wisconsin, a direct challenge to a conviction becomes 'final' the day the Remittitur issues." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing Wis. Stat. §809.26; *State ex rel. Fuentes v. Wisconsin Court of Appeals*, 593 N.W.2d 48, 51 (1999)). But "the expiration of the time for seeking [direct] review" does not occur until 90 days later, when the time to petition the United States Supreme Court for certiorari lapses. "Because the plain terms of section 2244 include the period for seeking direct review, regardless of whether or not a petitioner chooses to avail himself or herself of that opportunity, . . . the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run." *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002).

In this case, the Wisconsin Supreme Court denied Harrison's petition for review on June 16, 2021. Harrison did not purse any post-conviction relief beyond direct appeal and did not petition for certiorari in the United States Supreme Court. (ECF No. 1 at 4.) Harrison correctly argues he had until September 13, 2022, to file his petition, which included the ninety days after June 16, 2021, in which to petition for writ of certiorari in the United States Supreme Court. Harrison's petition for writ was filed on August 31, 2022, within the applicable limitations period, and was therefore timely.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration, ECF No. 8, is **GRANTED** and the Judgment entered on October 13, 2022, is **VACATED**.

**IT IS FURTHER ORDERED** that Case No. 22-cv-1001 is re-opened and Petitioner's Petition for Writ of Habeas Corpus reinstated. The Court will conduct a preliminary review of Harrison's petition pursuant to Rule 4 of the Rules Governing §2254 Cases.

Dated at Milwaukee, Wisconsin on November 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge