UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CHARDEZ HARRISON,

                Petitioner,

v.                                                                               Case No. 22-cv-1001-bhl

MICHELLE HOFFMAN,[1]

                Respondent.
_____

## ORDER DENYING § 2254 HABEAS PETITION
_____

        On August 31, 2022, Petitioner Chardez Harrison filed a petition for writ of habeas corpus challenging his custody under a judgment of conviction and sentence in Milwaukee County Circuit Court, Case No. 2016CF735. For the reasons stated below, Harrison's petition will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

        In February 2016, after a night of multiple carjackings and attempted armed robberies, an undercover police officer spotted two of the carjacked vehicles in an alley with several individuals getting into one of the vehicles. (ECF No. 19-5 at 2.) The vehicle fled when an officer in a marked squad car attempted to pull it over and reached speeds of up to fifty miles-per-hour through the city streets. (*Id*.) After a short pursuit, the vehicle was abandoned and officers were able to apprehend the driver, later identified as Harrison. (*Id.*) At approximately 3:30 a.m. that night, a detective interviewed Harrison. (*Id.* at 3.) The detective read Harrison his *Miranda* rights and asked him the following two-part question from a department-issued card he was required to use: "Realizing that you have these rights, are you now willing to answer some questions or make a statement?" (*Id.*) Harrison answered, "I don't want to make no statement right now." (*Id.* at 4.)

---

[1] Petitioner is currently housed at the Kenosha Correctional Center. Superintendent Michelle Hoffman is therefore the proper Respondent. *See* Rule 2(a) of the Rules Governing § 2254 Cases.

[2] In deciding a habeas petition, the Court presumes the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden to rebut that presumption by "clear and convincing evidence." *Id.* The statement of background facts is as set forth by the Wisconsin Court of Appeals in its decision affirming Harrison's conviction. (ECF No. 19-5); *see also State v. Harrison*, No. 2019AP2151-CR, 2021 WL 1097167 (Wis. Ct. App. Mar. 23, 2021) (unpublished disposition).

The detective followed up by asking, "Oh okay. Will you answer some questions that I have for you?" (*Id.*) Harrison responded by asking, "what's the question?" (*Id.*) The detective asked Harrison for his full name, birth date, and family information. (*Id.*) The detective eventually asked Harrison about the charges against him, and Harrison denied involvement in the armed robberies or that he possessed a firearm. (*Id.*)

At 6:00 p.m., a second detective interviewed Harrison, again after reading to Harrison his *Miranda* rights. (*Id.*) During that second interview, Harrison gave a full statement regarding the incidents and confessed to his involvement. (*Id.*) After confessing, Harrison pleaded guilty to two counts of armed robbery as party to a crime, in violation of Wis. Stat. § 943.32(2), and one count of possession of a firearm by a person adjudicated delinquent, in violation of Wis. Stat. § 941.29(1m)(6m). (ECF No. 1 at 2; ECF No. 19-1 at 1.)

Harrison later moved to withdraw his guilty pleas, arguing that his trial counsel was constitutionally ineffective in failing to move to suppress his statements to police. (ECF No. 19-5 at 3.) Harrison insisted that he had invoked his constitutional right to remain silent and thus the interrogating officers' continued questioning of him was improper. (*Id.*) After a suppression hearing, the circuit court rejected his motion, concluding that any motion to suppress would have been unsuccessful because Harrison had not unequivocally and unambiguously invoked his right to remain silent. (*Id.*) The circuit court held that the record was clear and there was no need for a *Machner* hearing. (*Id.* at 4); *see also State v. Machner*, 285 N.W.2d 905 (Wis. Ct. App. 1979).

Harrison appealed the ruling, and on March 23, 2021, the Wisconsin Court of Appeals affirmed Harrison's conviction. The appellate court held that the circuit court properly denied Harrison's postconviction motion without a hearing because it was clear that the failure to file a suppression motion did not constitute ineffective assistance of counsel. (ECF No. 19-5 at 8.) Specifically, the appellate court concluded that any motion to suppress would have been unsuccessful because, while Harrison told police that he did not wish to make a statement, he did not unequivocally state that he did not wish to answer questions. (*Id.* at 7–8.) Moreover, the court noted that Harrison "failed to allege sufficient facts to establish prejudice in his postconviction motion." (*Id.* at 8 n.4.) The court of appeals thus held that the circuit court, consistent with *State v. Allen*, 682 N.W.2d 433 (Wis. 2004), properly denied Harrison's motion for postconviction relief without a *Machner* hearing. (*Id.* at 8–9, 8 n.4.) Harrison petitioned the Wisconsin Supreme Court

for review, but it denied his request on June 16, 2021. (ECF Nos. 19-6 & 19-8.) Harrison did not seek review in the United States Supreme Court. (ECF No. 1 at 4.)

On August 31, 2022, Harrison filed a petition for writ of habeas corpus in this Court contending he is entitled to relief because his trial counsel was constitutionally ineffective for failing to seek suppression of Harrison's in-custody statements to detectives. (ECF No. 1-3 at 2.) The Court initially dismissed the petition as untimely, (ECF No. 6), but upon reconsideration concluded it had miscalculated Harrison's limitations period and, after determining that his petition was timely, vacated its dismissal order. (ECF No. 9.) On November 21, 2022, the Court ordered Respondent to respond, (ECF No. 16), and on January 19, 2023, Respondent filed its Answer. (ECF No. 19.) Over the next year, the Court granted Harrison several extensions of the deadline to file his supporting brief. (*See* ECF Nos. 31, 32, 36, 38, 39, 41.) On February 5, 2024, after Harrison failed to submit his brief by the latest extended deadline, the Court gave him one final opportunity, allowing him until February 19, 2024, to file his supporting brief and warning that it would dismiss his petition for lack of prosecution if he failed to file his brief by the new deadline. (ECF No. 42.) On February 12, 2024, Harrison filed a brief in support of his petition. (ECF No. 43.) On May 14, 2024, Respondent filed a brief opposing the petition. (ECF No. 48.) Harrison has not filed a reply. For the reasons set forth below, the Court concludes that Harrison is not entitled to habeas relief and his petition will be denied.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to grant habeas corpus relief. With respect to a claim adjudicated on the merits in state court, a habeas petition can be granted only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). It is intentionally very difficult to meet. *See Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

A state court decision is contrary to clearly established Federal law within the meaning of Section 2254(d)(1) if the state court "applies a rule different from the governing law set forth" by

Supreme Court precedent or when the state court "decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). A state court decision involves an unreasonable application of established precedent within the meaning of Section 2254(d)(2) when the "state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Under either prong, it is not enough that "a federal court believes the state court's determination was incorrect" or erroneous. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Rather, the state court's application of clearly established law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

AEDPA's deferential standard applies to all claims that were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). A federal court may not consider the merits of a habeas claim unless that federal constitutional claim has been fairly presented to the state courts through one complete round of review, either on direct appeal or through postconviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). "Fair presentment 'contemplates that both the operative facts and the controlling legal principles must be submitted to the state court.'" *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (quoting *Williams v. Washington*, 59 F.3d 673, 677 (7th Cir. 1995)). Failure to properly present the federal claim at each level of state court review results in procedural default, which can only be overcome if the petitioner demonstrates cause for and prejudice from the default, or a miscarriage of justice due to actual innocence. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

## ANALYSIS

Harrison contends he is entitled to habeas relief because his trial counsel was ineffective when he failed to seek suppression of the statements Harrison made to law enforcement. (ECF No. 1-3 at 2.) Harrison's petition fails for two separate reasons. First, Harrison has not shown that the Wisconsin Court of Appeals' decision rejecting his claim was contrary to or based on an

unreasonable application of Supreme Court precedent. Second, the state court also concluded that Harrison had not adequately pleaded his ineffective assistance claim, and this conclusion is an independent and adequate state law ground that precludes federal habeas relief. (*See* ECF No. 19-5 at 8, 8 n.4.) Harrison's claim is thus also procedurally defaulted. Because Harrison cannot demonstrate that federal habeas relief is warranted on his claim, his petition will be denied.

I. **The Wisconsin Court of Appeals Did Not Unreasonably Apply *Strickland* in Rejecting Harrison's Ineffective Assistance Arguments.**

To prevail on habeas, Harrison must demonstrate that the state court's decision rejecting his ineffective assistance claim was contrary to or an unreasonable application of Supreme Court precedent. The controlling Supreme Court precedent for an ineffective assistance of claim is *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a violation of *Strickland*, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Thus, the *Strickland* test requires the petitioner to establish both (1) deficient performance by counsel and (2) prejudice. Regarding the deficient-performance prong, great deference is given to counsel's performance, and the petitioner has a heavy burden to overcome the strong presumption of effective performance. *Id.* at 690; *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003). This burden requires Harrison to "establish specific acts or omissions of his counsel which constitute ineffective assistance," to which this Court then "determine[s] whether these acts or omissions were made outside the wide range of professionally competent assistance." *Coleman*, 318 F.3d at 758 (citing *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000)). To show prejudice, Harrison must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). A court need not address both components; if the defendant makes an insufficient showing on one, the inquiry ends. *Strickland*, 466 U.S. at 697.

In this case, the Wisconsin Court of Appeals applied the *Strickland* two-part test for evaluating claims of ineffective assistance of counsel. (ECF No. 19-5 at 6.) The appellate court correctly identified both parts of the test, noting that Harrison was required to "show that his trial counsel's performance was deficient, and that the deficiency prejudiced" him. (*Id.* (citing *Strickland*, 466 U.S. at 687).) The appellate court held that the circuit court had properly concluded that a motion to suppress would not have been successful. (*Id.* at 8.) As a result, it determined

Harrison had not established that his trial counsel performed deficiently. (*Id.*) The court of appeals also held that Harrison had not established prejudice because "the failure to file an unsuccessful motion does not demonstrate a reasonable probability that the outcome of the proceeding would have been different." (*Id.*) The appellate court explained the requirements of *Strickland*'s prejudice prong and concluded that Harrison failed to show that there was a reasonable probability that the result of the proceeding would have been different. (*Id.*)

Because the state court applied the appropriate rule from *Strickland*, this Court applies an even higher standard of habeas deference. As the United States Supreme Court has emphasized:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in the United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington*, 562 U.S. at 101 (citation omitted). The Supreme Court acknowledged that "[s]urmounting *Strickland*'s high bar is never an easy task," and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* at 105 ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so.") (citations omitted); *see also Woods*, 575 U.S. at 316–17 ("[F]or claims of ineffective assistance of counsel, [] AEDPA review must be doubly deferential in order to afford both the state court and the defense attorney the benefit of the doubt.") (citation and internal quotation marks omitted).

The Wisconsin Court of Appeals held that Harrison failed to establish ineffective assistance of counsel because he did not demonstrate either deficient performance or prejudice. Harrison offers no convincing argument that the Wisconsin Court of Appeals unreasonably applied clearly established Supreme Court precedent in rejecting his ineffective assistance of counsel claim. Nor has he established that the state appellate court's decision was contrary to or involved an unreasonable application of Supreme Court law. And, Harrison has not demonstrated that the

decision involved an unreasonable determination of the facts; indeed the record supports the state court's findings. Accordingly, Harrison's petition for writ habeas corpus is denied.

## II. Harrison's Claim is Procedurally Defaulted.

Respondent argues that Harrison's petition must be dismissed because his claim is procedurally defaulted. (ECF No. 48 at 12–17.) Respondent contends Harrison's claim "is procedurally defaulted inasmuch as Harrison's motion seeking plea withdrawal failed to allege facts sufficient to support his claim for plea withdrawal, an adequate and independent state ground." (ECF No. 19 at 3.) The Court agrees.

The Wisconsin Court of Appeals ruled that Harrison's postconviction motion was insufficiently pleaded and the circuit court's denial of relief could be affirmed on that basis alone. (ECF No. 19-5 at 8, 8 n.4 (citing *Allen*, 682 N.W.2d at 437 ("[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing.")).) Harrison's motion seeking plea withdrawal based on ineffective assistance of counsel did not allege that "but for" counsel's supposedly deficient performance, Harrison would have insisted on going to trial instead of pleading guilty. (*Id.*) The court of appeals concluded this was a sufficient basis under Wisconsin law to reject Harrison's motion.

Procedural default may occur where the petitioner did not comply with state procedural requirements during his appeal in state court such that the state court found the failure to be an "independent and adequate" state law ground for denying his claim. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). Where a state court relies on a state procedural ground to avoid reaching the merits of a petitioner's claim, that ground must be clearly and expressly relied upon and must be firmly established and regularly followed. *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). Wisconsin's pleading standard under *Allen* is an adequate and independent state law ground unreviewable in federal habeas corpus proceedings. *See Davila v. Davis*, 582 U.S. 521, 527 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court— that is, claims that the state court denied based on an adequate and independent state procedural rule.); *Whyte v. Winkleski*, 34 F.4th 617, 625 (7th Cir. 2022) ("*Allen*'s pleading standard is an adequate and independent state procedural rule.). To avoid procedural default, a petitioner must at a minimum, "invok[e] one complete round of the State's established appellate review process"

for each of his claims. *O'Sullivan*, 526 U.S. at 845; *see also Lewis*, 390 F.3d at 1025–26 (requiring a claim to be raised through one full round of appeals, either on direct appeal of the petitioner's conviction or through post-conviction proceedings, to avoid procedural default). "[W]hen a state court decides the merits *and* asserts a procedural bar, the federal court must respect both rulings." *See Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002).

Harrison has not offered any basis to excuse his procedural default. He would need to establish "cause for his state-court default . . . and prejudice therefrom," or actual innocence. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). A petitioner can establish cause for procedural default "by showing that some type of external impediment prevented the petitioner from presenting his claim." *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014) (citing *Lewis*, 390 F.3d at 1026). These external impediments can include a factual or legal basis unavailable to counsel at the time, or official interference which made compliance with the state's procedural rule unfeasible. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Harrison has not suggested any excuse for his procedural default. Accordingly, his procedural default stands, and his habeas petition must be denied.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and citation omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition on the merits.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Harrison's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, is **DENIED**, and the case is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist

could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000), a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin on October 31, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
